# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5714 | **DATE** | 1/26/2011 |
| **CASE TITLE** | Donna Tuntevich vs. WH Investment Properties *et al.* | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for reconsideration [138] is denied. The Court also finds that each party should bear its own costs.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Two issues are before the Court. The first is plaintiff's motion to reconsider our summary judgment ruling in favor of defendants on plaintiff's employment discrimination claims. Plaintiff has submitted a six-page motion in which she argues that this Court's decision should be reconsidered. She then attaches 71 pages of exhibits, which consist of her briefs and affidavit and other material submitted previously with the briefing on summary judgment.

In a two-page response brief, defendants argue that plaintiff's motion is untimely under Rule 59(e) because it was filed more than 10 days after judgment. On this point, we agree. But even if we were to consider the motion on the merits, we would deny it because plaintiff only presents the same arguments raised in her earlier briefs and evidentiary submissions. Generally, a party should not use a motion to reconsider merely to re-argue old arguments or to present arguments that could have been raised earlier. *See County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006); *Oto v. Metro. Life. Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000); *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). If considered as a Rule 60(b) motion, we also find no grounds for granting relief. Such motions are not allowed for mere errors in the application of law, but only for the specific grounds set out in the rule, and plaintiff has not offered any such grounds, for example newly discovered evidence, that could fit within any of the Rule 60(b) exceptions. *See Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006); *Talano v. Northwestern Med. Faculty Foundation, Inc.*, 273 F.3d 757, 762 (7th Cir. 2001). For these reasons, the motion to reconsider is denied.

The second issue pending is defendants' bill of costs. Defendants seek a total of $3701.39, which consists of $1,426.50 for court reporter fees, $2,219.15 for computerized legal research, and $55.74 in fees for copies.

The general rule is that the prevailing party is entitled to receive costs under Rule 54(d)(1). However, courts have wide discretion in determining what costs to award. *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). If a court concludes that each party should bear its own costs, it must explain

| STATEMENT |
|---|
| its reasons.<br>    Here, we find that each side should bear its own costs. For one thing, a large part of the costs consist of computerized legal research, which defendants themselves acknowledge is an item that not all courts agree should be recoverable. More significantly, plaintiff is proceeding *pro se* and has represented to this Court that she is in difficult financial circumstances. She states that she is over 70, living on social security with no other potential for future earnings. (Docket # 141 at p. 5.) In light of these facts, we find that no costs should be awarded. |